# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00252-CR

---

**Charles Raymond Lee, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 03-798-K277, THE HONORABLE KEN ANDERSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In 2005, a jury found appellant Charles Raymond Lee, Jr., guilty of two counts of aggravated sexual assault and assessed a term of life imprisonment for each count. This Court affirmed Lee's convictions on appeal. *See Lee v. State*, No. 03-05-00211-CR, 2006 WL 1358457, at *1 (Tex. App.—Austin May 19, 2006, no pet.). Since then, Lee has filed multiple motions for post-conviction DNA testing, which the district court has denied. *See Lee v. State*, No. 03-16-00683-CR, 2016 WL 6677933, at *1 (Tex. App.—Austin Nov. 9, 2016, no pet.) (mem. op., not designated for publication); *In re Lee*, No. 03-10-00750-CR, 2011 WL 3518143, at *1–2 (Tex. App.—Austin Aug. 11, 2011, pet. ref'd) (mem. op., not designated for publication); *In re Lee*, No. 03-09-00662-CR, 2010 WL 1930136, at *1–2 (Tex. App.—Austin May 14, 2010, no pet.) (mem. op., not designated for publication).

Now, Lee has filed a notice of appeal from what he claims is an order by the district court denying his latest motion for post-conviction DNA testing. However, the record does not contain any order denying that motion or even a copy of the motion itself. Because the record contains no appealable order or any indication that the district court has filed or ruled on the motion, we must dismiss this appeal for want of jurisdiction.[1] *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 & n.9 (Tex. Crim. App. 2012); *see also Rector v. State*, No. 01-19-00751-CR, 2020 WL 5269423, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, no pet.) (per curiam) (mem. op., not designated for publication).

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: June 22, 2022

Do Not Publish

---

[1] To the extent that Lee might be challenging the district court's failure to file or rule on his latest motion for DNA testing, the appropriate remedy would be to file with this Court a petition for writ of mandamus. *See* Tex. R. App. P. 52.1; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").